IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20261-CIV-MOORE

ALEXANDRIA CLAYTON,

        Plaintiff,

v.

HIALEAH GARDENS POLICE DEPARTMENT and
CITY OF HIALEAH GARDENS,

        Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant, City of Hialeah Gardens', Motion for Summary Judgment (DE # 52).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order:

### I. BACKGROUND

The instant action arises out of claims for sexual and racial discrimination and harassment, violations of Title VII, retaliation in violation of 42 U.S.C. § 2000e-3(a), violations of the Florida Civil Rights Act, and violations of Florida Statutes 110.227(1) and 112.533. Plaintiff Alexandria Clayton ("Plaintiff" or "Clayton") was employed by the Hialeah Gardens Police Department (the "Department") from June 6, 2000 to July 14, 2006. Clayton Aff. at 1 (DE # 74-2). She was both the only female police officer and the only African-American employee of the Department during her tenure, and the only female African-American police officer ever employed with the Department. Id. Plaintiff claims that during her employment at the Department, she was subjected to sexual and racial slurs and singled out for insults and humiliating treatment because of her race and gender. Pl. Resp. at 2-5. Plaintiff claims she

attempted to alert the Chief and Mayor as to her harassment complaints, but "was deterred from doing so by her superior officers, and especially by then-Lieutenant Van Toth." Id. at 7. Plaintiff finally filed an EEOC complaint, which was served on at least one of the Defendants on or about September 15, 2005, which she claims resulted in no investigation or action by the Defendants. Id. Plaintiff also asserts that various independent organizations, including the National Organization of Women (NOW), the Special Council of African-American Government Employees (SCAAGE), and the National Association for the Advancement of Colored People (NAACP), wrote letters and met with the Mayor on her behalf. Id.

Plaintiff was involved in an incident on or about December 17, 2005 in which she had a confrontation with another officer, Officer Francis, and then she and Francis each spoke independently with a private citizen and each may have made disparaging remarks about the other (DE # 87-2). Plaintiff was assigned to remain at her home during her work hours pending an internal investigation starting December 30, 2005 (DE # 84-2). On or about February 15, 2006, Plaintiff was reprimanded with a five-day suspension (DE # 83-5). Plaintiff was subsequently fired for conduct related to this incident (DE # 87-5). No action was taken against the other officer involved. Pl. Resp. at 13.

In its Motion for Summary Judgment, Defendant argues that Plaintiff's hostile work environment claims fail because Plaintiff's allegations "are insufficient as a matter of law to constitute a hostile work environment," that she establishes no "basis for holding the defendant-employer liable," and Plaintiff unreasonably failed to comply with the City's established anti-discrimination policy. Def. Mot. at 2. Defendant asserts Plaintiff's disparate treatment claims

and retaliation claims fail because Plaintiff has not brought sufficient direct or circumstantial evidence to show discriminatory animus, Plaintiff cannot establish that the legitimate, non-discriminatory reasons for the adverse employment actions were pretextual, and she cannot establish that "the final decisionmaker [was] motivated by discriminatory animus, rather than the alleged misconduct." Id. at 2-3.

After the Defendant, City of Hialeah Gardens', Motion for Summary Judgment (DE # 52) was filed, the Court filed an Order (DE # 117) granting Plaintiff's Motion for Leave to Amend to Allow for Additional Counts (DE # 30). The Second Amended Complaint (DE # 30-1), filed before the Summary Judgment Motion, then became the operative complaint. To the extent that the Defendant, City of Hialeah Gardens', Motion for Summary Judgment (DE # 52) applies to the Second Amended Complaint, this Court finds that there are genuine issues of material fact as to all of Plaintiff's claims, and accordingly DENIES Defendant, City of Hialeah Gardens', Motion for Summary Judgment (DE # 52).

## II. STANDARD OF REVIEW

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An

issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. Anderson, 477 U.S. at 254. Summary judgment may be granted if the nonmovant fails to adduce evidence which, when viewed in a light most favorable to him, would support a jury finding in his favor. Id. at 254-55.

Additionally, the nonmoving party must "make a showing sufficient to establish the

4

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. Id.

### III. DISCUSSION

Defendant, as the movant, carries the burden of persuasion. Similarly, the Court must construe all the facts in the light most favorable to Plaintiff, the non-movant.

**A) Elements of the Hostile Work Environment Causes of Action**

For this Hostile Work Environment claim to survive summary judgment, Plaintiff must bring evidence to show (1) the harassed employee is a member of a protected group, (2) the employee was subjected to unwelcome sexual or racial harassment, (3) inflicted on her because of her gender or race, (4) the harassment is pervasive enough to "alter the . . . conditions of employment," (5) and the [Defendants] "knew or should have known of the harassment and failed to take remedial action." Breda v. Wolf Camera & Video, 222 F.3d 866, 889 (11th Cir. 2000); Henson v. City of Dundee, 682 F.2d 897, 903-05 (11th Cir. 1982). It is undisputed that, as a female African-American, Plaintiff is a member of two protected groups.

Plaintiff alleges that she was routinely subject to sexual comments from other officers, including superiors, that others in the police department consistently referred to her by an assortment of offensive racial terms both in and out of her presence, and that she was singled out for humiliation in a variety of instances. Pl. Resp. at 2-4. Plaintiff claims her treatment while employed as a police officer "undermined . . . her ability to work with [the other officers],

5

officers would never follow her lead when she would be dispatched as a primary officer, and officers would not respond for backup when she requested further assistance during a call." Id. at 5. Further, she experienced "severe mental distress requiring Plaintiff to seek medical treatment." Id. Plaintiff claims she complained several times about the "harassment and disrespect from other officers," but no investigation was made and no action taken. Id. at 4.

In addition to comments made to her face, Plaintiff also brings evidence of slurs and insults made outside her presence, which may be considered in evaluating the totality of circumstances. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). Although these comments were not made to her face, learning second-hand of racially and sexually derogatory comments made by coworkers or supervisors may affect the work environment. See Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2nd Cir. 1997).

Construing all the facts in the light most favorable to the non-moving Plaintiff, these were not "isolated incidents, which occurred sporadically over five years." Def. Mot. at 7. Plaintiff alleges facts indicating ongoing, pervasive harassment, aimed at her because she is an African-American woman, and an employer which failed to respond to her complaints, creating a sufficient factual dispute to survive summary judgment.

## B) Defendant's Affirmative Defense that Plaintiff Failed to take Advantage of the City's Established Harassment Policy

Defendant claims it is exempt from liability because the City had an anti-discrimination policy, and took steps to prevent and correct harassment, when notified. Def. Mot. at 8. When there has been no "tangible employment action," a defendant may raise the affirmative defense by showing

6

> (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise"

Faragher v. Boca Raton, 524 U.S. 775, 807 (1998). Here, Plaintiff was fired. It is disputed why she was fired, but there was certainly a "tangible employment action." Plaintiff asserts, and brings evidence to show, the employment action was connected to the harassment, as discussed below. It is also disputed whether an effective anti-harassment policy was established. Pl. Resp. at 6. According to the Plaintiff, complaints pursuant to the policy were to be made up the chain of command or to "an EEO coordinator or an Alternate EEO coordinator," neither of which were ever identified. Id. at 6. Additionally, Plaintiff claims to have made several complaints to then-Lieutenant Toth, to no avail. Id. These factual disagreements prevent the court from granting Summary Judgment on this claim.

## C) The Disparate Treatment Claims

Defendant argues that Plaintiff's Disparate Treatment claims must fail because she has not produced sufficient direct or circumstantial evidence of discrimination. Pl. Mot. at 9. Direct evidence of discrimination is commonly not available, and the usual plaintiff relies on circumstantial evidence. Holifield v. Reno, 115 F.3d 1555, 1561-62 (11th Cir. 1997). Plaintiff must bring facts to establish 1) membership in a minority, 2) an adverse job action, 3) her employers "treated similarly situated employees outside his classification more favorably," and 4) she was qualified to do the job. McDonnell Douglas Corp. v Green, 411 U.S. 792, 802-04 (1973); Coutu v. Martin Cty. Bd. of Cty. Commissioners, 47 F.3d 1068, 1073 (11th Cir.1995); Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1060 (11th Cir.1994); see St. Mary's Honor Ctr.

v. Hicks, 509 U.S. 502, 506 (1993).

Defendant's initial arguments for summary judgment on these claims center around the "similarly situated employee" requirement. Def. Mot. at 9-10. Defendant claims that the Plaintiff fails to identify a sufficiently similarly situated employee who was treated more favorably. Id. Plaintiff argues that Officer Francis is such an employee. Pl. Resp. at 13. Officer Francis was the other Officer involved in the December, 2005 incident, which resulted in the adverse employment action against the Plaintiff. According to the Plaintiff, both officers made disparaging remarks about the other to a private citizen, and both officers returned and spoke to witnesses about the incident. Id. Defendant claims that Plaintiff disobeyed an order not to speak to the witnesses, but Plaintiff claims she was never given that order. Pl. Statement of Facts (DE # 155) at 8. It is undisputed that no disciplinary action was taken against Francis, but these events figured large in the Defendant's decision to terminate her employment. Def. Mot. at 12.

Construing all the facts in the light most favorable to the non-moving Plaintiff, the two "employees are similarly situated in all relevant respects," and were treated differently by the Defendants. Holifield, 115 F.3d at 1562. As there are disputed issues of material fact, Defendant's Motion for Summary Judgement as to this claim cannot be granted.

## C) Plaintiff's Retaliation Claims

Plaintiff claims she was relieved of duty in retaliation for filing a claim "seeking relief for lawful employment practices [] in the Miami Dade County Circuit Court, on or about December 9, 2005." Pl. Resp. at 17. Plaintiff further alleges she was suspended as "part of a continuing strategy of punishing Clayton in retaliation for her Title VII lawsuit" and that she was later

discharged as part of that strategy and in retaliation for her second EEOC complaint, filed on May 8, 2006. Id. at 19.

For a retaliatory discharge claim to succeed, Plaintiff must prove "(1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision." Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000); see Farley v. Nationwide Mut. Ins., 197 F.3d 1322, 1336 (11th Cir.1999). Defendants do not argue the first two elements, but assert that Plaintiff's claim must fail as a matter of law for lack of a causal connection "between Clayton's alleged protected activity and the adverse employment action." Def. Mot. at 16.

Plaintiff provides no direct evidence of a causal connection between her EEOC complaints and the adverse employment actions, but claims that temporal proximity "is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection." Pl. Resp. at 18. The Eleventh Circuit has noted that "[f]or purposes of a prima facie case, close temporal proximity may be sufficient to show that the protected activity and the adverse action were not wholly unrelated." Gupta, 212 F.3d at 590 (internal quotations omitted). The Supreme Court has noted that "the temporal proximity must be 'very close.,'" and has held a period of twenty months to suggest "no causality at all." Clark County School Dist. v. Breeden, 532 U.S. 268, 273 (2001) quoting O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1253 (10th Cir. 2001). According to the Eleventh Circuit, a period of one month between the filing of a complaint and an adverse employment action is sufficient temporal proximity to qualify as proof of causation.

Donnellon v. Freuhauf Corp., 794 F.2d 598, 601 (11th Cir. 1986). Three months has been held to be too long to qualify. Higdon v. Jackson, 393 F.3d 1211, 1221 (11th Cir. 2004).

Here, Plaintiff "effectuated Service of Process [for her first complaint] on the City on December 9, 2005." Pl. Resp. at 19. The first adverse employment action occurred that same month, on December 30, 2005, when Plaintiff was relieved of duty. Id. Plaintiff argues that the three employment actions, the relief of duty, the five-day suspension, and the subsequent termination, were part of a connected chain of events, that she "remained relieved of duty until her discharge," which was based on the same predicate conduct, and that all of the adverse employment actions were part of one "slow and deliberate process to terminate" her employment. Id. at 19, 15, quoting Beckwith v. City of Daytona Beach Shores, 58 F.3d 1554 (11th Cir. 1995). This Court holds that the passage of less than a month between the service of the first complaint and the initiation of the first of a series of related adverse employment actions culminating in Plaintiff's termination creates a causal link between the events and establishes the presumption of causation.

Defendant argues that an independent, unbiased, evaluation by the final decision maker, Mayor De La Cruz, breaks the chain of causation between the protected conduct and the adverse employment action. Def. Mot. at 13-14. Plaintiff brings evidence which casts doubt on the existence of such an evaluation. See Affidavits of John Puleo (DE # 85-4). Construing the facts in the light most favorable to the non-moving Plaintiff, this Court holds the actions of Mayor De La Cruz do not break the chain of causation.

Finally, Defendants claim Plaintiff cannot recover for allegations of events occurring

10

more than 300 days prior to Plaintiff's filing her charge of discrimination. Def. Mot. at 17. As the allegations dating back that far relate to Plaintiff's hostile work environment claim, they may be considered. See National R.R. Passenger Corp. v. Morgan 536 U.S. 101, 115 (2002). Hostile work environment claims require repeated conduct, and a single act "may not be actionable on its own." Id. at 115. Events occurring prior to the 300 days may be considered as long as at least one act occurred during the 300 days prior to filing the complaint, and the "incidents constituting a hostile work environment are part of one unlawful employment practice." Id. at 118. Accordingly, not only may all acts alleged by Plaintiff as part of her hostile work environment claim be considered by this Court, Defendants may be "liable for all acts that are part of this one single claim." Id.

## IV. CONCLUSION

For the reasons stated above it is hereby

ORDERED AND ADJUDGED that Defendant, City of Hialeah Gardens' Motion for Summary Judgment (DE # 52) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of March, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record

11