IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20261-CIV-MOORE

ALEXANDRIA CLAYTON,

    Plaintiff,

v.

HIALEAH GARDENS POLICE DEPARTMENT and
CITY OF HIALEAH GARDENS,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANT, CITY OF HIALEAH GARDENS', MOTION TO STRIKE FIRST AFFIDAVIT OF JOHN PULEO

THIS CAUSE came before the Court upon the Defendant, City of Hialeah Gardens', Motion to Strike Affidavit of John Puleo (DE # 128).

UPON CONSIDERATION of the record and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the Defendant, City of Hialeah Gardens', Motion to Strike Affidavit of John Puleo (DE # 128) is GRANTED IN PART.  Paragraphs 9-17 and 19 of the first Puleo Affidavit (DE # 85-4 p.1-4) consist of Puleo's opinions of the investigation and disciplinary action against Plaintiff, based on his review of documents related to the investigation and disciplinary action, as well as his attendance at some of the meetings, based on his knowledge, experience, and training as a police officer, Internal Affairs Investigator, and as a police officer representative for the Florida State Lodge of the Fraternal Order of Police.  See First Puleo Affidavit.  These statements fit the definition of "testimony by experts" in Federal Rule of Evidence 702.

It is undisputed that Plaintiff did not disclose her intent to introduce expert testimony from Puleo, nor did Plaintiff provide the expert witness summary required by Local Rule 16.1K (which is based on Federal Rule of Civil Procedure 26(a)(2), including the 1993 amendments). Plaintiff argues that no such disclosures are necessary, as Puleo was not a "expert[] retained or specially employed to provide such testimony in the case." Pl. Resp. at 3 quoting 1993 Advisory Committee Notes to Fed. R. Civ. P. 26. According to that Advisory Committee Note, "a treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Id. Puleo more closely resembles a treating physician than a retained expert. No evidence has been presented suggesting Puleo routinely gives expert testimony, or that he is being compensated for giving an opinion in this case. See Prieto v. Malgor, 361 F.3d 1313, 1318-19 (11th Cir. 2004). His affidavits, and prospective testimony, include both facts and opinions. See id. Puleo's investigation into the facts of the case was undertaken as part of his representation of the Defendant during the investigation performed by the police department. See Puleo Affidavit at 1. Accordingly, no expert witness summary is required.

Defendant also argues that Puleo should be prohibited from opining about legal conclusions. Pl. Mot. at 5. An expert witnesses is allowed to "testify as to his opinion on an ultimate issue of fact" as long as the expert does not "merely tell the jury what result to reach." Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990). To the extent the First Puleo Affidavit includes opinions regarding legal conclusions, they will be STRUCK.

Plaintiff also failed to explicitly notify Defendants that Puleo would provide expert testimony, leading Defendants to depose Puleo as a fact witness. Def. Mot. at 2. Any prejudice

2

created by the Plaintiff's omission may be eliminated by allowing Defendants to depose Puleo as an expert witness before trial. Accordingly, it is

ORDERED AND ADJUDGED that Defendant, City of Hialeah Gardens', Motion to Strike Affidavit of John Puleo (DE # 128) is GRANTED IN PART. As far as the First Puleo Affidavit contains legal conclusions, those legal conclusions will be STRUCK. As to the remainder of that Affidavit, the Motion to Strike is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of March, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record