## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20261-CIV-MOORE

ALEXANDRIA CLAYTON,

       Plaintiff,

v.

HIALEAH GARDENS POLICE DEPARTMENT and
CITY OF HIALEAH GARDENS,

       Defendants.

_____/

## ORDER GRANTING DEFENDANT, CITY OF HIALEAH GARDENS', MOTION TO DISMISS COUNT X AND MOTION TO DISMISS COUNT NINE OF PLAINTIFF'S SECOND AMENDED COMPLAINT

THIS CAUSE came before the Court upon Defendant, City of Hialeah Gardens', Motion to Dismiss Count Nine of Plaintiff's Second Amended Complaint (DE # 138) and Defendant, City of Hialeah Gardens', Motion to Dismiss Count X, or, Alternative Motion for Summary Judgment on Count X (DE # 144). Permission to file a motion for summary judgment was denied by Order of this Court filed March 14, 2007 (DE # 166), leaving only the pair of Motions to Dismiss.

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order:

## I. BACKGROUND

The instant action arises out of claims for sexual and racial discrimination and harassment, violations of Title VII, retaliation in violation of 42 U.S.C. § 2000e-3(a), violations of the Florida Civil Rights Act, and violations of Florida Statutes 110.227(1) and 112.533. Plaintiff Alexandria Clayton ("Plaintiff" or "Clayton") was employed by the Hialeah Gardens Police Department (the "Department") from June 6, 2000 to July 14, 2006.  Clayton Aff. at 1 (DE # 74-2).  She was both the only female police officer and the only African-American employee of the Department during her tenure, and the only female African-American police officer ever employed with the Department.  Id.  Plaintiff claims that during her employment at the Department, she was subjected to sexual and racial slurs and singled out for insults and humiliating treatment because of her race and gender.  Pl. Resp. at 2- 5.  Plaintiff claims she attempted to alert the Chief and Mayor as to her harassment complaints, but "was deterred from doing so by her superior officers, and especially by then-Lieutenant Van Toth."  Id. at 7.  Plaintiff finally filed an EEOC complaint, which was served on at least one of the Defendants on or about September 15, 2005, which she claims resulted in no investigation or action by the Defendants.  Id.  Plaintiff also asserts that various independent organizations, including the National Organization of Women (NOW), the Special Council of African-American Government Employees (SCAAGE), and the National Association for the Advancement of Colored People (NAACP), wrote letters and met with the Mayor on her behalf.  Id.

Plaintiff was involved in an incident on or about December 17, 2005 in which she had a confrontation with another officer, Officer Francis, and then she and Francis each spoke independently with a private citizen and each may have made disparaging remarks about the

2

other (DE # 87-2). Plaintiff was assigned to remain at her home during her work hours pending an internal investigation starting December 30, 2005 (DE # 84-2). On or about February 15, 2006, Plaintiff was reprimanded with a five-day suspension (DE # 83-5). Plaintiff was subsequently fired for conduct related to this incident (DE # 87-5). No action was taken against the other officer involved. Pl. Resp. at 13.

On February 22, 2007, the Court filed an Order (DE # 117) granting Plaintiff's Motion for Leave to Amend to Allow for Additional Counts (DE # 30). The Second Amended Complaint (DE # 30-1), contained new counts related to Plaintiff's termination. As this Court recently allowed Plaintiff to amend her Complaint, the Court will consider the fully-briefed motions to dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted); South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for

relief on *any* possible theory." <u>Bowers v. Hardwick</u>, 478 U.S. 186, 201-02 (1986) (Blackmun, J.,

dissenting) (quotations omitted); <u>see</u> <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d

1364, 1369 (11th Cir. 1997).

### III. DISCUSSION

Although Claims IX and X are ambiguously drafted, Plaintiff has clarified that Claims IX

and X are both procedural due process claims. Pl. Resp. regarding Count X at 3, 8; Pl. Resp.

regarding Count IX at 1.  The Due Process Clause of the Fourteenth Amendment to the

Constitution states "nor shall any State deprive any person of life, liberty, or property, without

due process of law." U.S. Const. amend. XIV, § 1.

The Eleventh Circuit has held that "a procedural due process violation is not complete

'unless and until the State fails to provide due process'" <u>McKinney v. Pate</u>, 20 F.3d 1550, 1557

(11th Cir. 1994) <u>quoting</u> <u>Zinermon v. Burch</u>, 494 U.S. 113, 123 (1990).  Accordingly, Plaintiff's

"right to employment may be abridged as long as the procedures used to abrogate that right

satisfy constitutional minima." <u>McKinney</u>, 20 F.3d at 1561.  In this situation, "due process [does

not] require the state to provide an impartial decisionmaker at the pre-termination hearing.  The

state is obligated only to make available the means by which [the employee] can receive redress

for the deprivations." <u>Id.</u> at 1562 (internal quotations omitted, brackets in original).

Florida Statute § 110.227 allows for Plaintiff to appeal her termination to the Public

Employees Relations Commission, Fla. Stat. § 110.227(6), and to the state courts.  Fla. Stat. §

110.227(6)(e), § 447.504.  Therefore, "even if [Plaintiff] suffered a procedural *deprivation*

[because of bias in her termination proceedings, she] has not suffered a *violation* of [her]

4

procedural due process rights unless and until the State of Florida refuses to make available a means to remedy the deprivation." McKinney, 20 F.3d at 1563.  While Plaintiff claims an appeal to the Personnel Review Board would be futile, Plaintiff makes no such allegations about the Public Employees Relations Commission or the state courts.  See Pl. Resp. on Count X at 4-5.

Plaintiff also claims her rights to procedural due process were violated by the Defendants' violations of Florida Statute 112.533, which requires law enforcement agencies to create a system of procedures for maintaining and investigating complaints.  Pl. Resp. on Count X at 5. However, Florida Statute § 112.534 allows "a law enforcement officer or correctional officer . . . who is personally injured" by a law enforcement agency which

> fails to comply with the requirements of this part. . . may apply directly to the circuit court of the county wherein such agency is headquartered and permanently resides for an injunction to restrain and enjoin such violation of the provisions of this part and to compel the performance of the duties imposed by this part.

Fla. Stat. § 112.534.  Plaintiff does not allege either that an appeal to that state court was made, or that such an appeal would be futile.

Following the reasoning in McKinney, this Court finds that, as Florida courts have the power to review Defendant's employment decisions and order relief, the procedures provided for in the Florida statutes described above satisfy procedural due process. See McKinney, 20 F.3d at 1564.  Accordingly, construing the complaint in the light most favorable to the Plaintiff and accepting all factual allegations as true, the "presence of a satisfactory state remedy mandates [the holding] that no procedural due process violation occurred." Id.

## IV. CONCLUSION

For the reasons stated above it is hereby

ORDERED AND ADJUDGED that Defendant, City of Hialeah Gardens', Motion to Dismiss Count Nine of Plaintiff's Second Amended Complaint (DE # 138) and Defendant, City of Hialeah Gardens', Motion to Dismiss Count X (DE # 144) are both GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this /5/ day of March, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record

6